T.C. Memo. 1999-366

UNITED STATES TAX COURT

TRACY LEE MILIAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3535-98.                    Filed November 4, 1999.

<u>Lynn Ross, Jr.</u>, for petitioner.

<u>Shelley T. Van Doran</u> and <u>Audrey M. Morris</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

PAJAK, <u>Special Trial Judge</u>:  Respondent determined a deficiency in petitioner's Federal income tax in the amount of $2,464 for the taxable year 1995.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.

Petitioner conceded that he failed to report as income $2,198 that he received from the Fort Worth Independent School District.  The only issue the Court must decide is whether

petitioner is liable for self-employment tax under section 1401 on income received for the performance of off-duty security services.

FINDINGS OF FACT

Some of the facts in this case have been stipulated and are so found. Petitioner resided in Fort Worth, Texas, at the time he filed his petition.

Since 1992, petitioner has been employed as a police officer by the Fort Worth Police Department (Department). In 1995, petitioner was working full-time as a patrol officer in a patrol car. As a Fort Worth police officer, petitioner is required to abide by the rules set forth in the Department's General Orders Manual (manual) at all times, regardless of whether he is on or off duty. An officer who at any time violates any of the rules in the manual is subject to discipline.

The manual also contains detailed provisions that an officer must follow to obtain off-duty employment outside of the Department. Under these provisions, the Department allows its officers to work both law enforcement or security jobs (off-duty employment) and non-security related jobs after they receive approval from the Department and pay a one-time $100 administrative fee for a permit.

The approval or denial of a request for off-duty work is dependent upon the officer's work requirements and the type of

entities requiring police services. Among other things, the officer's personnel records are verified to see whether the officer is on probation, whether he or she is off work because of injuries, whether there are any violations, or whether the officer is already working a substantial amount of overtime. The entity requesting the services of an officer is also investigated to see whether there is a conflict of interest or whether it is in violation of any law.

The request for approval is reviewed by the officer's supervisor, the division captain, the bureau deputy chief, and the Chief of Police. The names of officers who have been approved for off-duty work are placed on a list that operates on a rotation system. A list of approved work locations is also maintained.

All requests by the public for an off-duty officer must be referred to the Department's Executive Services Bureau. As a request is made, the next officer on the list may accept or reject the specific off-duty job. Participation in off-duty employment is strictly voluntary.

During 1995, petitioner provided security services for two different entities (entities), the Fort Worth Independent School District (school district) and the Fort Worth Housing Authority (housing authority). Petitioner worked at the William James Middle School (school) and the Lincoln Terrace Apartments

(apartments), a property owned by the housing authority. The parties stipulated that the school district is not a City of Fort Worth agency. The housing authority is not a Fort Worth agency.

Petitioner voluntarily decided to accept employment at the school and the apartments. The Department did not assign petitioner to work at these sites. The Department was not obligated to send any off-duty officers to work at the school or the apartments. Each entity decided on its own to hire off-duty police officers instead of private security. The entities had the complete authority to hire any approved officer, and if dissatisfied with an officer's performance, they could fire him or her. When petitioner went to the school or the apartments, he was required by the manual to wear his official uniform and carry his police equipment.

Petitioner's off-duty work schedule was based upon the needs of the school district and the housing authority, and took into account petitioner's on-duty hours. When petitioner reported for duty at the school and the apartments, he knew he was there to perform security duties. Petitioner did not report to any representative of the school district or the housing authority.

At the school, there was a liaison officer who was on duty and was paid by the Department to be on duty there. If the liaison officer had a problem with petitioner, he would tell the school district representative and then the school district, if

it so decided, would fire the petitioner.  Petitioner could carry out his duties as he saw fit in any given situation, as long as he did not violate any of the rules in the manual.

In the manual, there are also rules regarding income from off-duty employment.  The manual clearly states that financial arrangements are between the officer and the employer and that all officers must be paid on an individual basis by the employer.  Petitioner did not negotiate the amount of pay with either the school district or the housing authority.  However, when petitioner accepted employment, he knew what the pay rate was.  Petitioner received his pay from both entities in the form of checks made out to him personally.  The checks from the school district were mailed to petitioner at his house.

Neither the school district nor the housing authority reported to the Department the amounts earned by petitioner.  The housing authority and the school district considered petitioner an independent contractor, and each issued petitioner a Form 1099 which reflected that no income taxes were withheld from petitioner's earnings.

Petitioner's on-duty salary, paid by the City of Fort Worth, was reported on a Form W-2, had Federal income taxes and Medicare tax withheld, and was used in the computation of retirement benefits.  The off-duty payments were not included in petitioner's pay from the Department for any purpose.

In 1995, Petitioner earned $32,834.85 from the City of Fort Worth, $12,860 from the housing authority, and $2,198 from the school district. Petitioner included the $12,860 from the housing authority as part of what he reported as wages on his 1995 return. He failed to report on his return the $2,198 received from the school district. At trial, petitioner conceded that the $2,198 received from the school district should have been included in his reportable income. Petitioner did not report any amount of self-employment tax on his off-duty income.

Petitioner contends that he was an employee of the City of Fort Worth when he worked off-duty jobs because he was under the control of the Department at all times. Petitioner argues that because he was employed by the City of Fort Worth in its Police Department for the off-duty jobs, and not self-employed, he does not have to pay self-employment taxes on the off-duty income. Respondent asserts that petitioner was not under the control of the Department at the time petitioner worked off-duty jobs. Therefore, respondent's position is that petitioner was not an employee, and as such, his compensation from off-duty employment is subject to self-employment tax under section 1401.

## OPINION

Section 1401 imposes a tax upon a taxpayer's self-employment income. Self-employment income includes the net earnings from self-employment derived by an individual during the taxable year.

Sec. 1402(b). Net earnings from self-employment consist of gross income derived by an individual from any trade or business carried on by such individual, less the allowable deductions that are attributable to such trade or business, plus certain items not relevant here. Sec. 1402(a). However, the self-employment tax generally does not apply to compensation paid to an employee by an employer. Sec. 1402(c)(2) and (3).

Whether an individual is an employee or an independent contractor in a particular situation is a question of fact that must be determined through the application of common-law principles to the circumstances of the situation at hand. Weber v. Commissioner, 103 T.C. 378, 386-387 (1994), affd. 60 F.3d 1104 (4th Cir. 1995); sec. 31.3401(c)-1(d), Employment Tax Regs.

Section 31.3401(c)-1(b), Employment Tax Regs., defines the employer/employee relationship as follows:

> Generally the relationship of employer and employee exists when the person for whom services are performed has the right to control and direct the individual who performs the services, not only as to the result to be accomplished by the work but also as to the details and means by which that result is accomplished. That is, an employee is subject to the will and control of the employer not only as to what shall be done but how it shall be done. In this connection, it is not necessary that the employer actually direct or control the manner in which the services are performed; it is sufficient if he [or she] has the right to do so. The right to discharge is also an important factor indicating that the person possessing that right is an employer. Other factors characteristic of an employer, but not necessarily present in every case, are the furnishing of tools and the furnishing of a place to work to the

individual who performs the services. In general, if an individual is subject to the control or direction of another merely as to the result to be accomplished by the work and not as to the means and methods for accomplishing the result, he [or she] is not an employee.

The Court may consider various factors in determining the relationship between the parties. These factors include: (1) The degree of control exercised by the principal over the details of the work; (2) which party invests in the facilities used in the work; (3) the opportunity of the individual for profit or loss; (4) whether or not the principal has the right to discharge the individual; (5) whether the work is part of the principal's regular business; (6) the permanency of the relationship; and (7) the relationship the parties believe they are creating. However, no one factor dictates the outcome. Rather, we must look at all the facts and circumstances of each case. Weber v. Commissioner, supra.

The facts of this case are strikingly similar to the facts in Kaiser v. Commissioner, T.C. Memo. 1996-526, affd. without published opinion 132 F.3d 1457 (5th Cir. 1997), and March v. Commissioner, T.C. Memo. 1981-339. In accord with those opinions, we find for the following reasons that petitioner was not an employee of the City of Fort Worth when he worked off-duty for the school district and the housing authority.

As in the March and Kaiser cases, the Department in this case exercises control over off-duty jobs in that it has a detailed approval process and the officer is always to abide by the manual and code of ethics. However, the Court previously found, and we so find again, that the incidental control held by the police department relates solely to the on-duty employment relationship, rather than to the details of the off-duty relationship. Kaiser v. Commissioner, supra; March v. Commissioner, supra. We find that the Department is looking after its own interests in making sure that off-duty work does not interfere with on-duty work, that the Department's image is not tarnished, and that the Department knows where its officers are located in case of an emergency.

Petitioner puts forth another argument for departmental control stating that he has to report to other officers on his off-duty jobs. However, we find that the coordination of the off-duty jobs by other officers is not comparable to departmental control. Rather, the use of a coordinating officer is merely an administrative aid to all parties involved. It is easier for the school district and the housing authority to converse with one individual officer rather than a group of officers. The amount of control held by the Department is not sufficient for us to find that petitioner was engaged in off-duty employment as an employee of the Department. In fact, the Department does not

recognize off-duty employment as employment by the Department. This is evidenced by the Form W-2 issued to petitioner and by the fact that income from such sources is not taken into account for pension purposes.

The conclusions in March v. Commissioner, supra and Kaiser v. Commissioner, supra regarding other indicia of an employee/employer relationship will be briefly reiterated and followed by this Court. One indicator is that an employee performs work that directly benefits the employer. March v. Commissioner, supra. Although petitioner testified that the Department benefited from his off-duty employment because the amount of police calls out to the school and apartments decreased, such a benefit was indirect and could have resulted from the use of private security guards. March v. Commissioner, supra. The school district and the housing authority asked for and received the main benefit of added security provided by petitioner's presence on their premises.

Another factor of an employee/employer relationship is the ability to select and discharge at will. March v. Commissioner, supra. In this case, the school district and the housing authority retained this power. This factor militates against petitioner's position. The mere approval from the Department to work off-duty does not amount to the ability to hire and fire

with regard to the off-duty positions.  <u>Kaiser v. Commissioner</u>, <u>supra</u>.

The source and method of payment may also help establish whether an employee/employer relationship existed.  <u>March v. Commissioner</u>, <u>supra</u>.  In this case, both entities, the school district and the housing authority, operate separately from the City of Fort Worth/the Department.  Petitioner was paid separately by each entity and his earnings were never reported to the Department.  The entities treated petitioner as an independent contractor and issued Form 1099's.  The City of Fort Worth did not include the off-duty pay in his W-2 Form.

Although there may be some factors that point to an employee/employer relationship, such as the use of the uniform and equipment, these factors are not as significant as the factors which show that the Department was not petitioner's employer for his off-duty services.  In fact, the factors in their totality show that petitioner was self-employed.

To the extent that any of petitioner's other arguments were not addressed by this Court, we have considered them and find them to be without merit.

We find that petitioner was not an employee of the City of Fort Worth when he provided security for the school district and the housing authority.  For the reasons above, and those expressed in <u>March v. Commissioner</u>, <u>supra</u> and <u>Kaiser v.</u>

Commissioner, supra, we hold that the earnings in dispute are earnings from self-employment under section 1402, subject to the tax imposed by section 1401.

Decision will be entered for respondent.